**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 95-20197

(Summary Calendar)
_____

GARY STEVEN PORTER,

Petitioner-Appellant,

versus

GARY L. JOHNSON, Director, Texas
Department of Criminal Justice,
Institutional Division,

Respondent-Appellee.

_____

Appeal from the United States District Court
For the Southern District of Texas
(CA-H-93-0310)
_____

January 29, 1996

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Petitioner Gary Steven Porter appeals the district court's order granting Respondent Wayne Scott's motion for summary judgment. We affirm in part, reverse in part, and remand for further proceedings.

I

Porter pleaded guilty in Texas state court to four counts of aggravated robbery. The trial court subsequently sentenced Porter

[*] Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

to a prison term of sixty years. Porter filed a motion for new trial, which was denied. After his conviction and sentence were affirmed on appeal, Porter filed a petition for habeas corpus relief in state court. Upon the recommendation of the trial court, the Texas Court of Criminal Appeals denied the writ without opinion. Porter then filed his petition for federal habeas corpus relief. Upon the State's motion, the district court granted summary judgment against Porter. Porter timely filed a notice of appeal and moved the district court for a certificate of probable cause to appeal. The district court denied the motion. We subsequently granted Porter's request for a certificate of probable cause to appeal.

II

Porter first argues that he was denied effective assistance of counsel because his counsel failed to communicate to him an offer by the prosecutor to recommend a thirty-or-forty-year sentence. Porter also argues that his counsel's failure to communicate to him the prosecutor's offer rendered his guilty plea involuntary. On both claims, the district court entered summary judgment against Porter, reasoning that it was bound by the factual finding of the state habeas court that no undisclosed plea offer was made.

We review a district court's grant of summary judgment de novo. *Kopycinski v. Scott*, 64 F.3d 223, 225 (5th Cir. 1995). Summary judgment is appropriate only when there is no dispute as to a material fact. *Williams v. Scott*, 35 F.3d 159, 161 (5th Cir. 1994), *cert. denied*, ___ U.S. ___, 115 S. Ct. 959, 130 L. Ed. 2d

901 (1995). In reviewing habeas cases, we generally presume that state court findings of fact are correct. 28 U.S.C. § 2254(d); *Teague v. Scott*, 60 F.3d 1167, 1170 (5th Cir. 1995). Thus, we must first determine whether the state court made factual findings material to Porter's claims.

Porter's motion for new trial alleged the ineffective assistance of trial counsel. At the hearing on this motion, Porter alleged that his trial counsel had promised him that he would receive a sentence of no more than twenty-five years if he entered a guilty plea. Trial counsel denied Porter's allegations. However, during cross-examination by the State, Porter's trial counsel testified that he recalled conversations with the prosecutor in which the prosecutor represented that the State would recommend a sentence of thirty or forty years in return for a guilty plea. No further testimony was elicited concerning whether these representations constituted an offer to make a sentencing recommendation or whether these representations were communicated to Porter. The trial court denied the motion for new trial.

Porter's state petition for habeas corpus also alleged the ineffectiveness of trial counsel. However, in this proceeding Porter asserted that counsel failed to inform him of the State's offer to make a sentencing recommendation of thirty or forty years. Without holding an evidentiary hearing, the state habeas trial court recommended that state habeas relief be denied because "[t]his Court finds there are no controverted, previously unresolved facts material to the legality of the Applicant's

-3-

confinement."  The State now argues that implicit in this finding is a state court factual finding, based upon the record of the hearing on the motion for new trial, that the prosecutor made no offer to make a sentencing recommendation.

The district court could have assumed that the state habeas trial court made an implicit finding that the prosecutor made no offer to make a sentencing recommendation.  *See McCoy v. Cabana*, 794 F.2d 177, 182 (5th Cir. 1986) (holding that district court did not err by presuming the correctness of implicit state court findings).  Generally, such a finding will be entitled to a presumption of correctness in federal court.  However, 28 U.S.C. § 2254(d) contains a number of exceptions, one of which provides that the presumption of correctness does not apply when "the material facts were not adequately developed at the State court hearing."  28 U.S.C. § 2254(d)(3).  During the hearing on Porter's motion for new trial, no testimony was elicited concerning whether references to a thirty-or-forty-year sentencing recommendation constituted an offer to make such a sentencing recommendation.  Further, no testimony was elicited concerning whether such information was communicated to Porter.  On these facts, we hold that the facts material to Porter's claim were not adequately developed at the state court hearing on Porter's motion for new trial.  Consequently, any state court factual findings, whether implicit or explicit, regarding Porter's allegation that his trial counsel failed to inform him of the prosecutor's offer to make a sentencing recommendation are not entitled to a presumption of

correctness in federal court.

In order to prove ineffective assistance of counsel, a petitioner must prove that his counsel's performance was deficient, falling below an objective standard of reasonableness, and that the petitioner was prejudiced thereby. *Strickland v. Washington*, 466 U.S. 668, 687-88, 104 S. Ct. 2052, 2064-65, 80 L. Ed. 2d 674 (1984). We will uphold a guilty plea so long as the plea was knowing, voluntary, and intelligent. *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir.), *cert. denied*, 474 U.S. 838, 106 S. Ct. 117, 88 L. Ed. 2d 95 (1985). Because the state court factual finding relied on by the district court, that no undisclosed plea offer was made, is not entitled to a presumption of correctness in federal court, there is still a dispute as to the material facts surrounding Porter's claims. Thus, we hold that the district court erred in granting summary judgment against Porter on his ineffective assistance of counsel claim and on his involuntary guilty plea claim.[1]

Porter also alleges that he was unconstitutionally denied parole eligibility. Under Texas law, prisoners have no constitutionally protected interest in parole eligibility. *Creel v. Keene*, 928 F.2d 707, 712 (5th Cir.), *cert. denied*, 501 U.S. 1210, 111 S. Ct. 2809, 115 L. Ed. 2d 982 (1991). Thus, Porter's claim that he was denied parole eligibility raises no

---

[1] We have previously stated that failure to inform a defendant of a plea offer can constitute ineffective assistance of counsel. *Teague v. Scott*, 60 F.3d 1167, 1170-71 (5th Cir. 1995).

-5-

constitutional claim, and is consequently without merit.[2]

III

Accordingly, we AFFIRM the district court's grant of summary judgment with respect to Porter's claim that he was unconstitutionally denied parole eligibility. We REVERSE the district court's grant of summary judgment with respect to Porter's claim that he was denied effective assistance of counsel and with respect to Porter's claim that his guilty plea was involuntarily entered. We REMAND to the district court for further proceedings consistent with this opinion.

---

[2]    Porter raises numerous other issues for the first time on appeal, including the prosecutor's introduction of evidence of prior conduct, his counsel's failure to object as to the proper sentencing range, and his right to withdraw his guilty plea. We need not address any of these issues because they were not considered by the district court and because our refusal to address them does not result in manifest injustice. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).